UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD MANFREDONIA,

                  Plaintiff,

    — against —                  **MEMORANDUM and ORDER**

SECURITIES AND EXCHANGE COMMISSION    08 CV 1678 (SLT)(LB)
OF THE UNITED STATES, DEPARTMENT OF
JUSTICE OF THE UNITED STATES, and
FEDERAL BUREAU OF INVESTIGATION,

                  Defendants.
------------------------------------------------------------X
**TOWNES, United States District Judge:**

On April 18, 2008, plaintiff Edward Manfredonia commenced this *pro se* action against three federal agencies alleging that they violated his constitutional rights and failed to provide him with information that he requested pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. By Memorandum and Order dated June 24, 2008, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed the claims regarding constitutional violations, and granted plaintiff leave to file an amended complaint within thirty days regarding his FOIA claims. On July 14, 2008, plaintiff filed an amended complaint.

The amended complaint, although not quite as verbose as his seventy-page initial complaint, continues plaintiff's rants concerning alleged corruption on Wall Street and descriptions of crimes allegedly perpetrated by individuals employed on Wall Street. Throughout the amended complaint, plaintiff takes issue with the Court's conclusions concerning the majority of his allegations and invites the Court to have him arrested for committing perjury since the Court found that plaintiff's allegations were insufficient to state cognizable claims. The Court declines plaintiff's invitation and reiterates that the initial complaint failed to state a claim against defendants for the violation of any constitutional rights, and the amended complaint does not alter the Court's ruling. *See* Memorandum and Order dated June 24, 2008, pp. 4-6. However, as set

forth below, plaintiff's FOIA claims against defendants, when liberally construed, are sufficient and shall proceed.

## DISCUSSION

### A. Standard of Review

In reviewing the amended complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). In addition, the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."

### B. FOIA Claims

Under FOIA, after an agency receives a FOIA request, it must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) . . . whether or not to comply with such request," and shall "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(i)-(ii). If the agency does not make a determination on the FOIA request within the specified period, the requester is considered to have "constructively exhausted administrative remedies" and may file an action in district court. *Robert v. Dep't of Justice,* No. 05 CV 2543, 2005 WL 3371480, at *7 (E.D.N.Y. Dec. 12, 2005); *Hall v. C.I.A.,* No. Civ.A. 04-00814, 2005 WL 850379, at *2 (D.D.C. Apr. 13, 2005) (citing *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C.Cir. 2003)); 5 U.S.C. § 552(a)(6)(c).

Here, plaintiff alleges that he requested records from the DOJ, SEC, and FBI by letters dated from February 1993 through February 2002 to the agencies, *see* Am. Compl., pp. 16-23, Exhs. 10-12, but that his requests were ignored by the agencies. Although plaintiff expresses much contumaciousness in describing the procedural steps he took to make a FOIA request in the amended complaint, the Court finds that, when liberally construed, it sufficiently demonstrates that plaintiff exhausted his administrative remedies. It remains less than clear whether plaintiff's requests were sufficiently specific or properly submitted, *see Sussman v. United States Dep't of Justice*, No. 03 CV 3618, 2006 WL 2850608, at *9 (E.D.N.Y. Sept. 30, 2006), but plaintiff's liberally construed allegations indicate that he has complied with all of FOIA's procedural requirements.

However, even if plaintiff clearly established that his letters to the agencies were reasonably specific demands in compliance with FOIA and he constructively exhausted his administrative remedies, *see Sussman*, 2006 WL 2850608, at *9; *Hall,* 2005 WL 850379, at *2, it does not appear that plaintiff timely challenged his unanswered FOIA requests in federal court. Because a FOIA claim must be commenced within six years after the claim accrues, *see Peck v. C.I.A.*, 787 F. Supp. 63, 64 (S.D.N.Y. 1992) ("FOIA does not include a statute of limitations; therefore, the applicable statute of limitations is 28 U.S.C. § 2401(a) . . . . That section states that 'every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.'"), it is unclear whether the Court has jurisdiction to review these apparently time-barred FOIA claims. Plaintiff's earliest requests under FOIA were made in 1993 and his most recent request was in February 2002, *see* Am. Compl., Exh. 10-12, but he did not file this action until April 18, 2008 – after the six-year statute of limitations period expired for any of these requests. Although "strict compliance with the statute of limitations is a jurisdictional prerequisite" when the United States is a defendant, *Peck,* 787 F. Supp. at 64 (internal quotation marks and citations omitted), in light of plaintiff's *pro se* status and

3

the liberal construction that is due his pleadings, the *sua sponte* dismissal of his FOIA claims is not appropriate under 28 U.S.C. § 1915(e)(2)(B).  Accordingly, the amended complaint shall replace the initial complaint, and this action shall proceed solely as to plaintiff's claims under FOIA.

## *CONCLUSION*

As set forth above, this action shall proceed solely as to plaintiff's claims under FOIA, as detailed in the amended complaint.  The Clerk of Court shall issue summonses and the United States Marshal Service is directed to serve the summonses, the amended complaint, and a copy of this Memorandum and Order upon defendants without prepayment of fees.  A courtesy copy of the same papers shall be served on the United States Attorney for the Eastern District of New York.

The case is referred to Magistrate Judge Lois Bloom for pretrial supervision.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 24, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge